IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00391-WYD-PAC

RELEXUS, INC., a Delaware corporation;
ANATOLY V. PESHKOV; and
OKSANA V. PESHKOVA,

    Plaintiffs,

v.

IGOR BOYCHENKO;
MICHAEL ERMAKOV;
VICTOR L. BORISOV;
IVAN Y. POPOV;
IOSIF BASIS;
RELEX, INC., a de facto corporation believed to have been organized under the laws of the Russian Federation;
SOLOVATSOFT, INC., a California corporation; and
AMERICAN COMPUTER SYSTEMS, INC., a California corporation,

    Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court in connection with supplemental briefing by the parties on the issue of whether this Court should stay the trial and/or preliminary injunction hearing in accordance with 9 U.S.C. § 3.  Also, on September 21, 2005, Plaintiffs filed a Motion for Leave to Take Expedited Depositions and Request for Forthwith Ruling Thereon.  In that motion, Plaintiffs seek to take expedited depositions before the preliminary injunction hearing set to commence on October 31, 2005.

I first address the issue of a stay.  While Defendants argue that a stay of the nonarbitrable claims is mandatory pursuant to 9 U.S.C. § 3, I am not convinced this is

accurate. Indeed, a stay seems to be a matter of discretion with the Court, and many factors must be considered by the Court in making this determination.

While this issue does not appear to have been addressed by the Tenth Circuit, many other Circuits have addressed this issue. *See Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (noting that "courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation . . . . [c]rucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision") (citing *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 856 (2d Cir. 1987)); *AgGrow Oils, L.L.C. v. Nat. Union Fire Ins. Co.*, 242 F.3d 777, 783 (8th Cir. 2001) ("[i]n a complex, multi-party dispute . . ., issues such as the risk of inconsistent ruling, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delay must be weighed in determining whether to grant a discretionary stay, and in fashioning the precise contours of same); *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991) (while the court has discretion to stay the case on the ground that the resolution of issues in arbitration may be determinative of issues in the case, the court is required to tailor its stay so as not to prejudice the non-moving party unduly . . . the movant bears a heavy burden of showing necessity for the stay). These decisions appear to recognize the Supreme Court's indication that the "heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course"). *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring).

I find that these issues have not been adequately briefed by the parties, particularly Defendants in their supplemental brief. Accordingly, at the commencement

of the hearing on October 31, 2005, I will take argument on this issue and decide whether to stay the nonarbitrable claims.  If I decide to stay those claims, I most likely will stay the preliminary injunction hearing also, although I recognize that I have discretion in issuing injunctive relief pending arbitration.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 999 F.2d 211, 214 (7th Cir. 1993); *see also James Assocs. (USA) Ltd. v. Anhui Machinery & Equipment Import and Export Corp.*, 171 F. Supp.2d 1146, 1149-50 (D. Colo. 2001).  If I choose to stay the injunction hearing, Plaintiffs can seek injunctive relief in the arbitration proceedings.

If I do not stay the nonarbitrable claims, the preliminary injunction hearing will proceed, and the parties should be prepared to have their witnesses and evidence ready for the hearing.  The Court has allocated three (3) days total for this hearing, from October 31, 2005 to November 2, 2005, and the parties are directed to meet and confer and ensure that their evidence can be heard within that time frame.

I now turn to Plaintiffs' Motion for Leave to Take Expedited Depositions and Request for Forthwith Ruling Thereon filed September 21, 2005.  This motion seeks leave to take expedited discovery consisting of three (3) depositions:  the depositions of Defendants Igor Boychenko and Iosif Basis and of a non-party, Rafael Soultanov.  I deny this motion for the reasons stated below.

Turning to my analysis, FED. R. CIV. P. 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f).  However, "[t]he court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery." *Qwest Communications Intern., Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "[A] party seeking expedited

discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures. *Id.* While I recognize that the good cause standard "may be satisfied where a party seeks a preliminary injunction" or asserts claims of infringement and unfair competition, *id.*, Plaintiffs have not indicated why these depositions are necessary for the upcoming preliminary injunction hearing. Thus, I find that they have not established good cause for the depositions to be taken.

Further, I find that the timing of Plaintiffs' motion is problematic. This case has been pending since March 1, 2005, when Plaintiffs filed their Verified Complaint and their Motion for Preliminary Injunction. A hearing on the preliminary injunction motion was set for May 10, 2005. At that hearing, the Court continued the hearing to July 25, 2005 for further argument regarding the preliminary injunction. The hearing was then continued to October 31, 2005 at a status conference held on June 30, 2005. At no time prior to the initial hearing on the preliminary injunction or the status conference did Plaintiffs seek this discovery. Further, they did not indicate to the Court that this discovery was needed. Instead, Plaintiffs waited until just over a month before the continued hearing on the injunction to seek this discovery. I find that this eleventh hour attempt to seek discovery on a motion that has been pending since March, 2005 is improper.

In conclusion, it is

ORDERED that argument will be heard on whether to stay the non-arbitrable claims and the preliminary injunction hearing at the commencement of the hearing on October 31, 2005. It is

FURTHER ORDERED that the parties shall be prepared to proceed with the preliminary injunction hearing should the Court decide not to stay that proceeding. It is

FURTHER ORDERED that the preliminary injunction hearing is set for a total of three (3) days, from October 31, 2005 to November 2, 2005. The parties shall meet and confer and ensure that their evidence can be heard within that time frame. Finally, it is

ORDERED that Plaintiffs' Motion for Leave to Take Expedited Discovery and Request for Forthwith Ruling Thereon is **DENIED**.

Dated: October 18, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge