IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00391-WYD-PAC

RELEXUS, INC., a Delaware corporation;
ANATOLY V. PESHKOV; and
OKSANA V. PESHKOVA,

     Plaintiffs,

v.

IGOR BOYCHENKO;
MICHAEL ERMAKOV;
VICTOR L. BORISOV;
IVAN Y. POPOV;
IOSIF BASIS;
RELEX, INC., a de facto corporation believed to have been organized under the laws of the Russian Federation;
SOLOVATSOFT, INC., a California corporation; and
AMERICAN COMPUTER SYSTEMS, INC., a California corporation,

     Defendants.

_____

**ORDER**
_____

     I.     INTRODUCTION

THIS MATTER came before the Court on a five (5) day evidentiary hearing held on May 10, 2005 and continued from October 31, 2005 through November 3, 2005. The hearing addressed Plaintiffs' Verified Motion for Preliminary Injunction filed March 1, 2005.  Also addressed at the most recent hearing was whether the nonarbitrable claims should be stayed pending arbitration of the claims that this Court ordered were subject to arbitration by Order dated August 25, 2005.  Related to the latter inquiry is whether a ruling on the preliminary injunction motion should be stayed.

Based on the evidence presented at the hearing and for the reasons stated in this Order, both the arbitrable and nonarbitrable claims are stayed. The claims subject to arbitration are stayed pursuant to 9 U.S.C. § 3. The nonarbitral claims are stayed pending resolution of the arbitrable claims. Plaintiffs' Verified Motion for Preliminary Injunction is denied.

II.     ANALYSIS

  A.     Stay of the Claims

I first hold that the claims subject to arbitration are stayed pursuant to 9 U.S.C. § 3. That statute provides that the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."

I next address whether the nonarbitrable claims should be stayed. The Tenth Circuit holds that "[t]he decision whether to stay the litigation of the non-arbitrable issues is a matter largely within the district court's discretion to control its docket." *Summit Contractors, Inc. v. Legacy Corner, L..L.C.*, No. 04-6276, 2005 WL 2203248 (10th Cir. 2005) (citing *Summer Rain v. Donning Co./Publishers*, 964 F.2d 1455, 1461 (4th Cir. 1992)).[1] The Tenth Circuit gave further guidance on this issue in *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775 (10th Cir. 1998).

---

[1] While I recognize that citation to unpublished opinions of the Tenth Circuit is disfavored, I have cited the unpublished opinions in this Order because I find that they have persuasive value with respect to a material issue that has not been addressed in a published opinion and/or would assist the Court in its disposition." 10TH CIR. R. 36.3(B).

In *Riley*, the Tenth Circuit held that in determining whether to stay nonarbitrable claims, the district court should determine "whether a resolution of . . . [the] arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation." *Id.* at 785. "If there will be such a preclusive effect, especially if the arbitrable claims predominate over the nonarbitrable claims, then the district court should consider whether to stay the federal-court litigation of the nonarbitrable claims pending the arbitration outcome on the arbitrable claims." *Id.* (citing *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987) ("[b]road stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit"). "On the other hand, the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable claims is not reason enough to stay . . . [the] entire case." *Id.*

Other Circuits have provided additional factors that the court should consider in making this issue. *See Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (noting that "courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation . . . . [c]rucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision"); *AgGrow Oils, L.L.C. v Nat. Union Fire Ins. Co. of Pittsburgh, PA*, 242 F.3d 777, 783 (8th Cir. 2001) ("[i]n a complex, multiparty dispute . . ., issues such as the risk of inconsistent ruling, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delay must be weighed in determining whether to grant a discretionary stay, and in fashioning the

precise contours of same); *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991) (while the court has discretion to stay the case on the ground that the resolution of issues in arbitration may be determinative of issues in the case, the court is required to tailor its stay so as not to prejudice the nonmoving party unduly).

As to the issue of whether the arbitrable claims will have preclusive effect on the nonarbitrable claims, the parties did not provide any law on this issue. The Tenth Circuit holds that when a case in federal court is based on diversity jurisdiction, as here, state law controls on the issue of the preclusive effect. *See Fulsom Const. Co., Inc. v. U.S. Fidelity and Guar. Co.*, Nos. 03-6353, 04-6087, 2005 WL 2542860 at *4 (10th Cir. 2005).

Under Colorado law, "[p]rinciples of collateral estoppel and res judicata may be applied to give preclusive effect to an arbitration award." *Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1202 (Colo. App. 2003) (citing *Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545 (Colo. 1997)). "Collateral estoppel, or issue preclusion, bars relitigation of an issue if (1) the issue precluded is identical to an issue actually determined in the prior proceeding, (2) the party against whom estoppel is asserted was a party in the prior proceeding, (3) there is a final judgment on the merits in the prior proceeding, and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding." *Id.*; *see also Quist v. Specialties Supply Co., Inc.*, 12 P.3d 863, 866 (Colo. App. 2000). Where the arbitration award addresses contract claims, the arbitration may have preclusive effect on tort claims if the same conduct and evidence is relevant to each claim and could have been presented to the arbitration

panel. *Guaranty Nat. Ins. Co. v. Williams*, 982 P.2d 306, 308 (Colo. 1999); *see also Dale*, 948 P.2d at 552.

In this case I find, without definitively deciding the issue, that there may be a preclusive effect from the arbitration as to at least some issues and some parties in the nonarbitrable claims. For example, it appears that the conduct and evidence as to Claim One that is subject to arbitration (the breach of the assignment agreement against Relex, Inc.) would be the same conduct and evidence relevant to Claims Two, Three and Four to be tried in this Court.[2] Evidence regarding the alleged breach of the Assignment Agreement and the conduct that led up this alleged breach would be relevant to all of those claims. The conduct and evidence regarding Claim One may also be relevant to the breach of fiduciary duty claims (Claims Seven and Eight). Further, the conduct and evidence relevant to Claims Five, Six and Nine that are arbitrable (relating to alleged breaches of employment agreements and/or intentional interference in connection with same) may also be relevant to the breach of fiduciary duty claims.

Further, as to whether the parties against whom estoppel will be asserted were parties to the arbitration, I note that many of the nonarbitrable claims involve at least some of the same parties sued in the arbitrable claims. As to Claim One, while I recognize that Plaintiffs sue only Relex, Inc. in that claim and sue additional

---

[2] Claim Two alleges that Defendants intentionally interfered with a contract (the Assignment Agreement) through misappropriation of the LINTER software, *i.e.* that Defendants induced Relex, Inc. to breach the Assignment Agreement. Claim Three alleges unfair competition and misappropriation related to the Assignment Agreement and LINTER software. Claim Four, alleging intentional interference with prospective business relationships, relates to the alleged loss of opportunity of RelexUS to market and sell LINTER software.

Defendants in connection with the nonarbitral claims, there may well be privity between Relex, Inc. and at least some of the Defendants. "'Privity exists when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in litigation.'" *Argus Real Estate, Inc. v. E-470 Public Highway*, 97 P.3d 215, 217 (Colo. App. 2003) (quotation omitted), *aff'd*, 109 P.3d 604 (Colo. 2005). Finally, as to the last two elements of collateral estoppel, it appears that there would be a final judgment on the merits in the arbitration proceedings, and I assume that the parties against whom estoppel is asserted would have a full and fair opportunity to litigate the issue in the arbitration. No one has argued to the contrary as to these last two elements.

Accordingly, I find that it is likely the arbitration proceedings would have at least some preclusive effect on the facts and/or issues in the nonarbitrable claims. I do not definitively decide this issue, however, as it is something that needs to be decided after the arbitration is completed and the parties have submitted motion(s) on this issue. I also find that due to the preclusive effect the arbitration may have on certain issues, the outcome of the nonarbitrable claims may depend upon the arbitrators' decisions and there is a risk of inconsistent rulings if the nonarbitrable claims are not stayed. While the nonarbitral claims do predominate over the arbitral claims, I find that this factor does not support a stay because the predominance is so slight (5 ½ nonarbitral claims versus 4 ½ arbitral claims). Finally, since the arbitration proceedings have already commenced, the nonarbitral claims will probably not be unduly delayed and Plaintiffs have not demonstrated that they will be prejudiced by a stay.

Based on the foregoing, I grant Defendants' request that the nonarbitrable claims be stayed, and stay this case until the arbitration proceedings are resolved. The parties shall file status reports every sixty (60) days advising as to the status of the arbitration and, as soon as the arbitration proceedings are complete, shall advise the Court so that the nonarbitrable claims can be set for trial.

      B.      Plaintiffs' Motion for Preliminary Injunction

           1.      Introduction

The Motion for Preliminary Injunction requested the following relief: (1) that the Court rescind RelexUS's February 3, 2005 Assignment Termination; (2) that Defendants Relex, Inc., Boychenko, Ermakov, Borisov, and Popov be enjoined from terminating the Assignment Agreement; (3) that Defendants be enjoined from marketing, licensing, or selling LINTER software; and (4) that Boychenko and Ermakov be enjoined from competing with RelexUS with regard to the LINTER software and disclosing trade secrets related to that software. A supplement to the motion was filed on March 11, 2005.

By Order dated May 13, 2005, Plaintiffs were ordered to clarify the injunctive relief sought. On May 17, 2005, Plaintiffs filed a pleading indicating that they seek that Defendants be prohibitively enjoined from (1) terminating the Assignment Agreement; (2) misappropriating LINTER software in violation of the exclusive right of RelexUS to market LINTER in the entire world except the Excluded Territories of the former Soviet Union and the Baltic States; (3) terminating Plaintiff Peshkov's employment; and (4) terminating Plaintiff Peshkova's employment.

### 2. Legal Standard for Granting an Injunction

"The primary function of a preliminary injunction is to preserve the status quo pending a final determination of the parties' rights." *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275, 277 (10th Cir. 1981). Plaintiffs, as the moving parties, bear the burden of proving the following: (1) they will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood Plaintiffs ultimately will prevail on the merits of the case; (3) the threatened injury to Plaintiffs outweighs any harm the proposed injunction may cause Defendants; and (4) the injunction would not be contrary to the public interest. *American Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

Irreparable injury is established "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001). The injury "'must be both certain and great,' . . . and . . . must not be 'merely serious or substantial.'" *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quotation omitted). "Cases have also noted that irreparable harm is often suffered when 'the injury can[not] be adequately atoned for in money,' . . . or when 'the district court cannot remedy [the injury] following a final determination on the merits.'" *Id.* (quotation omitted). As to the likelihood of success requirement, the Tenth Circuit holds that when the party seeking the injunction has met its burden on the other three factors, "it may meet the showing of likelihood of success on the merits 'by showing that questions going to the merits are so serious,

-8-

substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Dominion Video*, 269 F.3d at 1157 (quotation omitted).

For certain types of preliminary injunctions, the movant has a heightened burden of showing that the traditional four factors weigh in its favor before obtaining a preliminary injunction. *Dominion Video*, 269 F.3d at 1154. "The heightened burden applies to preliminary injunctions that (1) disturb the status quo; (2) are mandatory rather than prohibitory; or (3) provide the movant substantially all the relief it could feasibly obtain after a full trial on the merits."[3] *Id.* at 1154-55. The above types of injunctions are disfavored. *Id.* at 1155.

Where the heightened burden does apply, the Tenth Circuit previously indicated that the movant must show "that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction. *Dominion Video*, 269 F.3d at 1154. However, this appears to no longer be the standard. *See O'Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 979 (10th Cir. 2004) (making a decision to jettison the "heavily and compellingly" language as the articulated standard for granting any of the three types of disfavored injunctions). Instead, "[i]t is

---

[3] "There is no reason . . . to disfavor a preliminary injunction simply because 'the plaintiff would get no additional relief if he prevailed at the trial on the merits.'" *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1247 (10th Cir. 2001) (quotation omitted). "The only reason to disfavor a preliminary injunction that grants substantially all the relief sought is if it would render a trial on the merits largely or completely meaningless. *Id.* "Therefore, 'all the relief to which a plaintiff may be entitled' must be supplemented by a further requirement that the effect of the order, once complied with, cannot be undone.'" *Id.* (internal citations and quotation omitted). Where "the effect of the preliminary injunction can be unwound by means of an award of damages if [the party against whom the injunction is entered] prevails at a trial", the injunction is not the type that grants substantially all the relief sought. *See Dominion Video*, 269 F.3d at 1156.

enough to note that courts in this Circuit should recognize that each of the three types of [disfavored] injunctions . . . is disfavored and that a request for such an injunction should be even more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is certainly extraordinary." *Id.*

        3.    <u>Whether an Injunction is Appropriate in this Case</u>

               a.    <u>Whether A Ruling on the Preliminary Injunction Motion Should Be Stayed</u>

I find that the injunctive relief Plaintiffs seek is related to the claims that are subject to arbitration. For example, injunctive relief prohibiting Defendants from terminating Peshkov's and Peshkova's employment agreements is related to Claim Nine which is subject to arbitration (alleging that the Russian Defendants intentionally interfered with Plaintiffs' employment contracts by causing the agreements to be terminated). Further, as to the injunctive relief sought prohibiting Defendants from terminating the Assignment Agreement, this is related to the breach of assignment agreement claim (Claim One) that is going to arbitration.

Thus, in staying the nonarbitrable claims pending arbitration, I could simply stay resolution of the preliminary injunction motion since I find that it relates to both the arbitrable and nonarbitrable claims. However, I find that the preliminary injunction motion should be decided on the merits, since an injunction could be issued to preserve the status quo pending the arbitration or as an aid to the arbitration. *See Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 999 F.2d 211, 214 (7th Cir. 1993) (district courts are not precluded from issuing preliminary injunctive relief pending arbitration,

"'the pro-arbitration policies . . . are furthered, not weakened, by a rule permitting a district court to preserve the meaningfulness of the arbitration' by granting injunctive relief") (quotation omitted); *Blumenthal v. Merrill, Lynch.*, 910 F.2d 1049, 1053-54 (2d Cir. 1990) ("[a]rbitration can become a 'hollow formality' if parties are able to alter irreversibly the status quo before the arbitrators are able to render a decision in the dispute. . . . [t]he issuance of an injunction to preserve the status quo pending arbitration fulfills the court's obligation under the FAA to enforce a valid agreement to arbitrate"); *James Assocs. (USA) Ltd. v. Anhui Machinery & Equipment Import and Export Corp.*, 171 F. Supp.2d 1146, 1149-50 (D. Colo. 2001) (exercising jurisdiction by issuing injunction to aid in arbitration, which injunction would terminate upon commencement of the arbitration).

### b. Whether a Heightened Burden Applies

I next reject Defendants' argument that Plaintiffs are seeking an injunction that disturbs the status quo and is thus subject to a heightened burden. Notwithstanding the fact that Plaintiffs were terminated after the injunction motion was filed and that they seek an injunction prohibiting such termination, the status quo is defined as "the last uncontested status between the parties which preceded the controversy. . ." *Dominion Video*, 269 F.3d at 1155. In this case, Plaintiffs were employed by RelexUS under their employment agreements and the Assignment Agreement was still in effect when this controversy started. That is the last uncontested status between the parties.

       c.  <u>Whether Plaintiffs Have Demonstrated Irreparable Injury</u>

  I now turn to the merits of the preliminary injunction motion. I first address the issue of irreparable injury. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) ("the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered").

  As to the first ground of injunctive relief sought, that Defendants be prohibitively enjoined from terminating the Assignment Agreement, I find that Plaintiffs have not shown irreparable injury. The termination of the Assignment Agreement has now been rescinded (through a second amendment to the agreement which restored the original 20 year term of the Assignment Agreement). While Plaintiffs argue that the second amendment was *ultra vires*, the fact remains that the Assignment Agreement with its original term of duration is now in effect. Further, to the extent Plaintiffs argue that there may be a risk of termination in the future, this is speculation. No evidence was presented on this issue that supports Plaintiffs' argument. Since I find that irreparable injury has not been established, I do not need to address the other elements necessary for an injunction. The Motion for Preliminary Injunction is denied as to the first ground of injunctive relief.

  As to the second ground of injunctive relief, that Defendants be prohibitively enjoined from misappropriating Linter in violation of the exclusive rights of RelexUS, I find that irreparable injury may be established if Plaintiffs present evidence of such misappropriation. Such injury is typically presumed in an infringement case once a

-12-

party makes out a prima facie case of infringement.  *County Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288-89 (10th Cir. 1996).  I address below the issue of whether Plaintiffs presented such evidence and whether they established a likelihood of success.

As to the third ground of injunctive relief, that Defendants be prohibitively enjoined from terminating Peshkov's and Peshkova's employment, I first address Peshkova's employment.  The only claimed injury as to Peshkova is the uncollectability of a monetary judgment against the Russian Defendants.  Plaintiffs provided no evidence or legal argument as to why a judgment would be uncollectable, and I thus find that argument to be unsupported.  Thus, I deny the Motion for Preliminary Injunction to the extent it seeks to enjoin Defendants from terminating Peshkova's employment agreement on the basis that irreparable injury has not been established.

Finally, I turn to whether Plaintiff Peshkov has shown irreparable injury in connection with his employment agreement.  In addition to the argument that the damages would be uncollectable against the Russian Defendants which I find to be unsupported, Peshkov also claims as irreparable injury the fact that he is "irreplaceable" to RelexUS.  He relies for that argument on his own testimony as well as that of Mr. Kamada who testified at the May hearing.  Peshkov asserts that without him, the existing license agreements regarding LINTER and the pending contracts, as well as future sales and Peshkov's royalties, will disappear.  This is disputed by Defendants.  I will assume, for purposes of this Order, that Peshkov has established irreparable injury, although I find this argument to be weak.

### d. Whether Plaintiffs Demonstrated a Likelihood of Success on the Merits

I next address likelihood of success on the merits, because I find this to be dispositive of the remaining grounds of injunctive relief sought. Even if I assume that Plaintiffs satisfied their burden on the first three elements necessary for an injunction, I find that Plaintiffs have not demonstrated a likelihood of success as to the remaining two grounds of injunctive relief. This is true even if I assume that Plaintiffs need only show that they have raised issues which are significant enough to be fair ground for litigation. *See Dominion Video*, 269 F.3d at 1157

As to Plaintiffs' request that Defendants be prohibitively enjoined from misappropriating LINTER software in violation of the exclusive rights of RelexUS prohibition, I find that Plaintiffs did not present evidence of any misappropriation by Defendants. In that regard, I find that evidence regarding the website of SolovatSoft does not demonstrate misappropriation, as LINTER is not referenced on that website and any inference that Solovatsoft is marketing or selling LINTER is speculative. There is also no evidence that Defendants ever gave any proprietary information regarding LINTER to SolovatSoft or any other company. Since I find that Plaintiffs did not present evidence that could support a finding of misappropriation, I find that Plaintiffs have not demonstrated a likelihood of success, *i.e.*, they did not show that the "'questions going to the merits are so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Dominion Video*, 269 F.3d at 1157 (quotation omitted).

As to the injunctive relief sought prohibiting Defendants from terminating Peshkov's employment agreement, it is argued that Plaintiffs have a likelihood of success on a claim of tortious interference with the employment agreement. Plaintiffs cite *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859 (Colo. 2004) as recognizing such a claim.

*Krystkowiak* dealt with a claim for intentional interference with contract, which requires that a defendant must 1) be aware of a contract between two parties, 2) intend that one of the parties breach the contract, 3) and induce the party to breach or make it impossible for the party to perform the contract. *Id.* at 871. In addition, the defendant must have acted "improperly" in causing the result. *Id*. Finally, "because corporate officers . . . are generally not liable for the intentional interference with contractual relations involving the corporation or the principal, plaintiffs suing an agent or corporate officer must additionally allege that the defendant acted with malice in inducing or causing the breach." *Id.*

In the case at hand, I find that Peshkov has not shown a likelihood of success on the merits in connection with this claim. Even if I assume for purposes of Plaintiffs' motion that the first three elements of such a claim are satisfied, I find that Defendants did not act improperly in causing this result. This claim is directed at Defendants Boychenko, Ermakov, Borisov and Popov ["the Russian Defendants"]. The Russian Defendants' actions in terminating Plaintiff Peshkov appear to be have been taken on March 7, 2005 through a resolution of the Board of Directors of RelexUS while these Defendants were acting as members of the Board. I find that while Plaintiffs obviously

-15-

do not like the results of this Board resolution, Defendants have presented evidence that the actions were proper, *i.e.*, the actions were taken because of certain perceived misconduct on the part of Peshkov.  Based on such evidence, and at this juncture of the litigation, I cannot find that such actions were improper.  I further find Plaintiffs did not present evidence of "malice" on the part of Defendants, who are corporate officers.  Accordingly, Plaintiff's Motion for Preliminary Injunction is also denied on this ground.

Since I find that injunctive relief is not proper on any of the grounds requested by Plaintiffs, Plaintiffs' Verified Motion for Preliminary Injunction is denied.

III.   CONCLUSION

Based upon the foregoing, it is

ORDERED that all claims in this case (including both the arbitrable and nonarbitrable claims) are **STAYED** pending resolution of the arbitration proceedings.  It is

FURTHER ORDERED that the parties shall file status reports every **sixty (60) days** advising as to the status of the arbitration proceedings and, as soon as those proceedings are complete, shall advise the Court so that the nonarbitrable claims can be set for trial.  It is

FURTHER ORDERED that  Plaintiffs' Verified Motion for Preliminary Injunction filed March 9, 2005, is **DENIED**.

Dated: November 9, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge